IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RETRO TELEVISION NETWORK, INC., | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:11-cv-00489-SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| LUKEN COMMUNICATIONS, LLC; | * | |
| and RETRO TELEVISION, INC., f/k/a | * | |
| RETRO PROGRAMING SERVICES, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

## OPINION AND ORDER

Plaintiff Retro Television Network, Inc. brings this action against Defendants Luken

Communications, LLC and Retro Television, Inc., f/k/a Retro Programing Services, Inc., seeking

an accounting under an Intellectual Property Agreement (IPA) dated December 22, 2005.  See

Am. Compl. [doc.#11].[1]  By Opinion and Order entered January 5, 2012 [doc.#27], the Court

granted Defendants' motion to dismiss Plaintiff's amended complaint.  The Court determined,

*inter alia*, that the sole claim in Plaintiff's amended complaint is based on an alleged

contract–the IPA–to which neither of the Defendants is a party and that Defendants have no

obligation under the contract to which they are not parties.  Plaintiff has appealed this Court's

---

[1] Plaintiff's original complaint, which was removed to this Court from state court, asserted ten counts and included 555 pages of exhibits.  The amended complaint, however, seeks only an accounting and incorporates by reference only the IPA and its amendment.  Parties to the original complaint also included Plaintiff Larry E. Morton and Defendant Henry G. Luken, III.  These parties were dismissed from this action without objection by Order entered August 5, 2011 [doc.#17].  In accordance with the parties' request, the style of the case was changed as set forth above.

ruling to the United States Court of Appeals for the Eighth Circuit and that appeal remains pending.

Now before the Court is Defendants' motion for attorneys' fees  pursuant to Ark. Code Ann. § 16-22-308 in the amount of $46,795.00 and costs pursuant to 28 U.S.C. § 1920 in the amount of $535.44 [doc.#30].  Plaintiff responded in opposition to Defendants' motion and Defendants filed a reply to Plaintiff's response.

Plaintiff responded in opposition to Defendants' motion by, *inter alia*, questioning whether the Court has jurisdiction given that the action is on appeal and, if it does, requesting the opportunity to conduct discovery regarding the invoices presented to the Court.   By Order entered February 14, 2012 [doc.#46], the Court informed Plaintiff that it does indeed have jurisdiction and that it will not allow discovery with respect to Defendants' motion for attorneys' fees and costs.  However, given that Plaintiff did not for the most part contest the substance of Defendants' motion for attorneys' fees and costs, the Court allowed Plaintiff until and including February 24, 2012, in which to supplement its response to Defendants' motion for attorney's fees and costs should it so choose.  Plaintiff has not supplemented its response and the time for doing so has passed.  Accordingly, Defendants' motion is ripe for decision.[2]

I.

Turning first to Defendants' request for attorneys' fees under Ark. Code Ann. § 16-22-308, the Court finds that Defendants are prevailing parties in this action, having prevailed on all

---

[2] Defendants also sought attorneys' fees and costs against original plaintiff Larry E. Morton, individually, who, as previously noted, was dismissed as a party from this action.  In their reply to Plaintiff's response to their motion for attorneys' fees and costs, Defendants state they are withdrawing their motion for an award of attorneys' fees and costs against Larry E. Morton, individually, and are also withdrawing their request that an award of attorneys' fees and costs be made in favor of former Defendant Henry G. Luken, III, individually, who also was dismissed from this action.

of Plaintiff's claims, including Plaintiff's breach of contract claims.  Accordingly, Defendants

are entitled to reasonable attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, which

provides that the prevailing party in a breach of contract action may be allowed a reasonable

attorney's fee to be assessed by the court.  See also *Perry v. Baptist Health*, 368 Ark. 114, 117,

243 S.W.3d 310, 313 (2006) (a successful defendant in a contract action may be considered a

prevailing party for the purposes of the statute–Ark. Code Ann. § 16-22-308–allowing award of

attorney's fees to prevailing party).[3]

## A.

The following factors are relevant in determining reasonable attorney's fees: (i) the

experience and ability of the attorney; (ii) the time and labor required to perform the service

properly; (iii) the amount in controversy and the result obtained in the case; (iv) the novelty and

difficulty of the issues involved; (v) the fee customarily charged for similar services in the local

area; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed upon the client

in the circumstances; and (viii) the likelihood, if apparent to the client, that the acceptance of the

particular employment will preclude other employment by the attorney.  *Chrisco v. Sun Indus.,*

*Inc.,* 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990).  See also *Harrill & Sutter, PLLC v.*

*Kosin*, 2011 Ark. 51, at *17, — S.W.3d —, 2011 WL 478604 (2011).  While courts should be

guided by the foregoing factors, there is no fixed formula in determining the reasonableness of

an award of attorney's fees.  *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 442, 10 S.W.3d

854, 856 (2000).  In addition, when a trial judge is familiar with the case and the services

---

[3] A litigant is a prevailing party under Ark. Code Ann. § 16-22-308 "in terms of the entire case, and not in terms of particular issues or actions therein."  *Id.*  The prevailing party is determined by who comes out "on top" at the end of the case.  *Id.* (citation omitted).  In addition, attorney's fees are recoverable where the action is based primarily in contract.  *Reed v. Smith Steel, Inc.*, 77 Ark.App. 110, 126, 78 S.W.3d 118, 121 (2002).

performed, the fixing of a fee is within the discretion of the court even in the absence of proof of

the nature and extent of the attorney's services.  *Hartford Acc. & Indem. Co. v. Stewart Bros.*

*Hardware Co.*, 285 Ark. 352, 354, 687 S.W.2d 128, 129 (1985).

i.

Concerning the experience and ability of the attorney, the Court finds that counsel for

Defendants are experienced attorneys with excellent legal skills.

ii.

Concerning the time and labor required to perform the service properly, the Court finds

that the time and effort counsel committed to the defense of Plaintiff's claims was not

insignificant.

iii.

Concerning the amount in controversy and the result obtained in the case, potentially

millions of dollars were at stake and Defendants prevailed on all of Plaintiff's claims.

iv.

Concerning the novelty and difficulty of the issues involved, the Court finds that the

issues at stake were significant and involved a factual background that was somewhat difficult to

piece together.

v.

Concerning the fee customarily charged for similar services in the local area, counsel for

Defendants at the Arkansas law firm of Shults, Brown & Perkins, LLP billed Defendants for

148.5 hours for a total of $46,795.00.  The attorneys that worked on the case, the number of

hours they billed, and the hourly rates at which they billed their hours, is as follows:[4]

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Steven Shults | Partner | 95.0 | $350.00/hr. | $33,250.00 |
| Debra Brown | Partner | 3.4 | $300.00/hr. | $1,020.00 |
| John Perkins | Partner | 50.1 | $250.00/hr. | $12,525.00 |
| **Total** | | **148.5** | | **$46,795.00** |

As to the hourly rates proposed by counsel, a reasonable hourly rate is generally the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated. *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002). The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In *All-Ways Logistics, Inc. v. USA Truck, Inc.*, No.3:06-cv-0087-SWW, 2007 WL 4285410, at *10 (E.D.Ark. Dec. 4, 2007), this Court in 2007 examined cases setting hourly rates and rejected an hourly rate of $400.00 but determined that an attorney possessing the experience and skills of counsel for Plaintiff could reasonably command in Northeast Arkansas for that type of case under similar circumstances an hourly rate of $300.00. More recently, in *B&B Hardware v. Fastenal*, No. 4-10cv00317-SWW, 2011 WL 6829625, at *9 (Dec.16, 2011), this Court examined cases setting hourly rates and agreed that in the circumstances of that case, a $250.00 hourly rate representing a "negotiated, blended rate" for the work performed on the case by seven attorneys was reasonable. In so ruling, the Court noted that lead counsel were charging a rate "lower" than they typically charged and that an hourly attorney rate of "at least" $250.00

---

[4] Defendants state that they are not seeking a fee award for the time spent on this case by attorneys James E. Smith, Jr. and Allison R. Gladden.

was reasonable.  *Id.*

Here, as in *All-Ways Logistics* and *B&B Hardware*, there is no dispute of the experience and excellent legal skills of counsel for Defendants, and the Court finds that an attorney possessing the experience and skills of lead counsel for Defendants–Shultz–could reasonably command in central Arkansas for this type of case under similar circumstances an hourly rate of $350.00 and that an hourly rate of $300.00 for Brown and $250.00 for Perkins is reasonable as well.  Cf. *U.S. ex rel. Rille v. Hewlett Packard Co.*, No. 4:04cv00989 BRW, 2011 WL 4625646, at *5 (E.D.Ark. Oct. 05, 2011) (concluding that local rates applied to out-of-state counsel, and considering that the case was complex and spanned years and thousands of billable hours, court found that hourly rates for out-of-state counsel of $375.00 for all partners, $275.00 for senior associates, and $200.00 for associates was reasonable, and that $300.00 and $250.00 respectively for partners of local law firm, was reasonable).

### vi.

Concerning whether the fee was fixed or contingent, the fee in this case was fixed.

### vii.

Concerning the time limitations imposed upon the client in the circumstances, the Court finds that given the nature of the original complaint and the complexity of the business transactions at issue, the time limitations imposed on Defendants were not insignificant.

### viii.

Finally, concerning the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney, the Court, based on its familiarity with the case, finds that the time limitations imposed upon counsel for Defendants

were not insignificant.

B.

Having addressed the *Chrisco* factors, the Court now addresses Defendants' request for attorneys' fees under Ark. Code Ann. § 16-22-308 utilizing the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). See also *Coorstek, Inc. v. Electric Melting Services Co., Inc.*, No. 4:06cv01726 JMM, 2009 WL 646307, at *1-2 (E.D.Ark. March 10, 2009) (utilizing Lodestar method to determine attorney fees under Ark. Code Ann. § 16-22-308).

With one exception, Plaintiff does not contest the individual time entries set forth in counsels' time records other than to state, without referencing specific time entries, that "[t]here are several items that reflect said overbilling for the services."  Concerning the one time entry that is contested, Plaintiff claims that counsel spent 2 hours to draft a motion for extension of time and for correspondence.  The Court has examined the time entry to which Plaintiff apparently refers (it is not specifically identified by Plaintiff) and notes that it also includes time for research.  The Court finds that counsel for Defendants are not seeking attorneys' fees for any matters for which attorneys' fees should not be awarded.

In sum, based on the *Chrisco* factors and the Court's familiarity with the record and quality of service rendered, the Court finds that counsel for Defendants are entitled to be compensated for 148.5 hours for the successful defense of Plaintiff's claims, with 95.0 of those hours at an hourly rate of $350.00 (Shultz), 3.4 of those hours at an hourly rate of $300.00 (Brown), and 50.1 of those hours at an hourly rate of $250.00 (Perkins).  Accordingly, the Court

finds that an award of attorneys' fees to Defendants in the total amount of $46,795.00 is reasonable.

II.

Turning to Defendants' request for costs under 28 U.S.C. § 1920, Defendants seek reimbursement in the amount of $535.44 for the following costs: $350.00 for fees of the clerk and $185.44 for the cost of making copies necessarily obtained for use in the case.

Under § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of any materials necessarily obtained for use in the case, docket fees, and compensation of court-appointed experts and interpreters.  Under Fed.R.Civ.P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  See also *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002) (noting that when an expense, such as necessary photocopies, is taxable as a cost, there is a strong presumption that a prevailing party shall recover it in full measure) (internal quotation and citation omitted)).  The losing party bears the burden of making the showing that an award is inequitable under the circumstances.  *Id.*  See also *168th and Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007) (a prevailing party is presumptively entitled to recover all of its costs and the losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion).

Plaintiff does not contest any item of costs sought by Defendants and the Court finds that

-8-

the costs sought by Defendants are properly taxable.  Accordingly, there being no objection, the Court awards Defendants the full $535.44 in costs they state were necessarily incurred in the defense of this action.

III.

For the foregoing reasons, the Court grants Defendants' motion for attorneys' fees and costs [doc.#30].  The Court awards Defendants attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 in the total amount of $46,795.00 and costs pursuant to 28 U.S.C. § 1920 in the total amount of $535.44.

IT IS SO ORDERED this 2nd day of March 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE